UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| FRANK C. CONTES JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-656 RM |
| | ) | |
| CLARENCE MAROTZ and | ) | |
| SHELLIE MARIE MAROTZ, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Clarence and Shellie Marie Marotz removed this case pursuant to 28 U.S.C. § 1446, asserting complete diversity of citizenship. Frank Contes, Jr. now moves to remand, or in the alternative, to transfer to the Fort Wayne Division of the Norther District of Indiana. For the following reasons, the court grants Mr. Contes's motion to remand.

Mr. Contes filed a complaint against Mrs. Marotz in the Jay County Circuit Court seeking damages resulting from an accident that occurred in Portland, Indiana. Mr. Contes is a citizen of the state of Pennsylvania; Mr. and Mrs. Marotz are citizens of the state of Michigan.

A summons and copy of the original complaint were sent by certified mail to the Marotzes' home and were received in May 2004; the return receipt was signed by an individual with the last name "Wright." Mrs. Marotz says she didn't sign the return receipt. In July 2005, Mr. Contes amended his complaint adding Mr. Marotz as a co-defendant.

On September 14, Shawn Stankewich, Special Deputy Sheriff for the City of Pontiac Michigan, posted a summons and a copy of the amended complaint on the Marotzes' front door and mailed the same papers to the same address. Neither Mr. or Mrs. Marotz was home when the summons and complaint were posted and the couple didn't discover the summons or complaint until the next day. The Marotzes filed their notice on removal on October 17.

As the parties invoking federal jurisdiction, the Marotzes bear the burden of demonstrating that removal is proper. Boyd v. Phoenix Funding Corp., 366 F.3d 524, 529 (7th Cir. 2004). Mr. Contes contends that removal was untimely because the Marotzes filed their notice of removal more than 30 days after being served. The court agrees.

A notice of removal must be filed within 30 days after simultaneous service of the state court complaint and summons. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-348 (1999) (under 28 U.S.C. § 1446(b), a named defendant's time to remove is triggered by formal service of process and not by mere receipt of a courtesy copy of the complaint). The Marotzes argue that Mrs. Marotz wasn't served in May 2004 because she didn't sign the return receipt, so neither of the Marotzes were formally served until September 15 when they discovered the summons and amended complaint.[1] The court cannot agree.

Indiana Trial Rule 4.1(A) sets forth the method of service of summons on

---

[1] Thirty days after the discovery of the summons — October 15— was a Saturday, so the Marotzes say they had until Monday October 17 to remove. See FED. R. CIV. P. 6(a).

2

individuals:

>   (A) In General. Service may be made upon an individual, or an individual acting in a representative capacity, by:
>   (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or
>   (2) delivering a copy of the summons and complaint to him personally; or
>   (3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or
>   (4) serving his agent as provided by rule, statute or valid agreement.
>   (B) Copy Service to Be Followed With Mail. Whenever service is made under Clause (3) or (4) of subdivision (A), the person making the service also shall send by first class mail, a copy of the summons without the complaint to the last known address of the person being served, and this fact shall be shown upon the return.

Service through certified mail is adequate service of process under the Indiana Trial Rules even if the person who signs the receipt is not the individual to whom the mailing was certified, Precision Erecting, Inc. v. Wokurka, 638 N.E.2d 472, 474 (Ind. Ct. App.1994), so the Marotzes' argument that service on Mrs. Marotz wasn't completed because she didn't sign the receipt is without merit. *See e.g.* Robinson v. Turner, 886 F. Supp. 1451, 1456 (S.D. Ind. 1995) (applying Indiana law). Mrs. Marotz was effectively served on May 1, 2004.[2]

---

[2]Mr. Contes says Mrs. Marotz's failure to remove within 30 days bars Mr. Marotz's removal despite her consent; this rule is commonly referred to as the "first- served defendant." *See e.g.* Quick Erectors, Inc. v. Seattle Bronze Corp., 524 F. Supp. 351, 354 (E.D. Mo.1981) ("If the defendant who was served first fails to remove within thirty days, a subsequently served defendant may not remove even with the first defendant's consent"). Whether the deadline for filling notice of removal from service is the "first served" or "second served" defendant is an

The Marotzes say Mr. Marotz wasn't served until September 15, 2005, when the couple found the summons and amended complaint posted to their door. Nothing in Indiana Trial Rule 4.1 (a)(3), makes service effective only upon the discovery of the summons: "[s]ervice may be made upon an individual . . . by . . . leaving a copy of the summons and complaint at his dwelling house or usual place of abode." Mr. Marotz was effectively served when the summons and amended complaint were left at the Marotzes' residence and the same papers were mailed by first class mail. *See* Munster v. Groce, 829 N.E.2d 52, 63 (Ind. App.2005). Mr. Marotz was served on September 14.

Accordingly, the Marotzes had until October 14 to file their notice of removal, so removal is untimely under 28 U.S.C. § 1446(b) and the court grants Mr. Contes's motion to remand.

Mr. Contes also asks the court to award him fees and costs. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 365 (7th Cir.2000), *citing* 28 U.S.C. § 1447(c). The court has discretion to award attorney's fees and costs under this section because it "is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make

---

issue of first impression is this circuit. In light of Murphy Bros. v. Michetti Pipe, courts have been hesitant to say later-served defendants shouldn't be allowed 30 days after receiving service to file a notice of removal. See Marano Enterprises of Kansas v. Z-Teca Restaurants 254 F.3d 753, 756 (8th Cir.2001). The court needn't address this issue since Mr. Contes filed his notice of removal more than 30 days after the second service.

whole the victorious party." Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir.2000). The court may exercise its discretion based upon the propriety of the removal: "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 708 (2005). The statute doesn't require a showing of bad faith or frivolousness. Tenner v. Zurek, 168 F.3d 328, 330 (7th Cir.1999).

Mr. Contes claims fees and costs because, as a successful movant in a motion to remand, he is presumptively entitled to such an award. The court cannot agree. *See* Martin v. Franklin Capital, 126 S. Ct. at 708 (holding no presumption favors awarding fees on remand). Nothing in the record indicates the Marotzes acted in bad faith, and given the uncertainty regarding when the period of removal is triggered, it was objectively reasonable to remove a case outside the 30-day period of removal based upon a belief that service wasn't effective. The court denies Mr. Contes's motion for attorney fees and costs.

For the foregoing reasons, the court GRANTS Mr. Contes's motion to remand; DENIES AS MOOT Mr. Contes's motion to transfer; and DENIES Mr. Contes's request for fees and costs incurred. The court REMANDS this case in its entirety to the Jay County Circuit Court from which it was removed.

SO ORDERED.

Entered: February 1, 2006

/s/ Robert L. Miller, Jr.

5

                                                  Chief Judge  
                                                  United States District Court

cc: counsel of record